IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CARRIE WELLEIN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case No.: SAG-21-276 |
| | * | |
| **JERRY O. BATLEY, JR., M.D.,** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On February 2, 2021, Plaintiff Carrie Wellein filed a complaint against Defendant Jerry O. Batley, Jr. asserting several claims against him related to his surreptitious recording of the Plaintiff in intimate moments, and his distribution of intimate images of the Plaintiff without her consent. ECF 1.  Despite being served with the Summons and Complaint, the Defendant failed to respond to the Complaint, and the Clerk's Office entered a Notice of Default on March 26, 2021.  ECF 7. On July 27, 2021, Plaintiff moved for a default judgment, which the Court granted on August 12, 2021.  ECF 13.  Among other things, the Default Judgment ordered the Defendant, within 21 days, to return or destroy all intimate images of the Plaintiff; to remove any such material from the Internet; to secure the return of such material from anyone to whom he distributed it (other than those individuals alleged in the Complaint); and to certify to the Court that he had complied with those requirements.  *Id.*   To date, the Defendant has not complied with that order.[1]  Moreover, while the Default Judgment found the Defendant liable on all claims alleged in the Complaint, it deferred the question of damages and scheduled a damages hearing for September 30, 2021.  *Id.*

---

[1] The Court will continue to assess whether other steps may be appropriate to ensure compliance with that Order, including exercise of the Court's contempt powers.

In the interim, Plaintiff also filed a Motion for Attorney's Fees and Expenses.  ECF 15.  The Court held a damages hearing on September 30, 2021 at which the Plaintiff and Dr. Christiane Tellefsen, M.D. testified in support of the Plaintiff's damages requests.  ECF 16.  The Defendant failed to appear at the hearing.  *Id.*

Plaintiff requests $71,485 as compensation for her expenses to-date, and projected into the future, to pursue the comprehensive treatment plan her doctors recommend.  Sept. 27, 2021 Supplement on Out-of-Pocket Damages.[2]  Plaintiff also requests $750,000 as compensation for the emotional distress she has suffered due to the Defendant's transgressions.  ECF 9 at 26.  Because 42 Pa. C.S.A. § 8316.1(c)(1) allows the Court, in its discretion, to award treble damages, the Plaintiff also requests trebling of her actual damages.  *Id.* at 26-27.  Additionally, Plaintiff asks for $700,000 in punitive damages as punishment for the Defendant's reprehensible conduct, and his disrespect for the Court and the litigation process.  *Id.* at 27-29.  Finally, Plaintiff asks for $52,591 in attorney's fees and $8,363.50 in expenses that have been incurred by her lawyers.  ECF 17.

The Court will grant Plaintiff's request for $71,485 to cover her treatment-related expenses, and it will grant the Plaintiff's request for $750,000 as compensation for the emotional distress she has suffered.  However, the Court declines to treble these awards.  Although 42 Pa. C.S.A. § 8316.1(c)(1) allows the Court, in its discretion, to treble actual damages sustained, the statute appears to allow such recovery primarily because "dissemination of an intimate image may cause long-term or permanent injury."  *Id.*  The Court certainly acknowledges the long-term, and

---

[2] This supplement was hand-delivered to the Court at the September 30, 2021 damages hearing and was not filed on the docket, but it merely provides an updated tabulation of the Plaintiff's expenses related to the same treatment plan described in her Motion for Default Judgment.  ECF 9 at 22.

potentially permanent, injuries the Plaintiff has suffered because of the Defendant's conduct, but the Court finds that the significant damages awards described herein adequately account for those injuries.

The Court will also award the Plaintiff $500,000 in punitive damages. While this is less than the $700,000 award the Plaintiff asks for, the Court is in a difficult position with respect to fashioning a punitive damages award in light of the sizeable compensatory damage and attorney's fee awards and the dearth of evidence regarding the Defendant's financial situation. The Court believes that a $500,000 punitive damages award, resulting in a total judgment against the Defendant in the amount of $1,378,145.50, provides significant punishment for the Defendant's conduct.

Further, the Defendant will be required to pay the Plaintiff's reasonable attorney's fees and expenses. While the Court finds that Plaintiff's counsel's fees are largely reasonable, it finds that 22.6 hours is more time than was reasonably necessary to prepare for the September 30, 2021 damages hearing. ECF 17 at 2. The Court finds that, under the circumstances, 11.3 hours would have been a reasonable amount of preparation time. After adjusting those hours, Plaintiff will be awarded $48,297 in attorney's fees, plus $8,363.50 for Plaintiff's counsel's expenses.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Fees and Expenses, ECF 15, is GRANTED in part and DENIED in part. Judgment will be awarded in favor of the Plaintiff, and against the Defendant, in the amount of $1,378,145.50. A separate order follows.

DATED: October 12, 2021                                    /s/
                                                     Stephanie A. Gallagher
                                                     United States District Judge